IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00949-CMA-MJW

JOSHUA CRUZ,

   Plaintiff,

v.

SGT. EMIG,
SGT. ADAMIC,
C/O CORTESE,
LT. G. HEIDENTHAL,
LT. H. WILLIAMS,
CAPT. DOUG WILSON, and
ANTHONY A. DeCESARO, Step 3, Grievance Officer,

   Defendants.

## RECOMMENDATION ON MOTION TO DISMISS (Docket No. 23)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to the undersigned pursuant to an Order Referring Case by Judge Christine M. Arguello on July 17, 2009.  (Docket No. 11).

### PLAINTIFF'S CLAIMS

The pro se plaintiff, Joshua Cruz, brings this action pursuant to 42 U.S.C. § 1983, raising two claims in his Amended Prisoner Complaint.  (Docket No. 7).  In Claim One, plaintiff alleges an Eighth Amendment violation, asserting that he was the victim of several assaults by other inmates and placed in segregation at the Colorado Territorial Correctional Facility as a result of essentially being labeled a "snitch" by defendants Emig, Adamic, and Cortesee.  In addition, plaintiff asserts in Claim One that the

2

grievance responses by defendant grievance officers Heidenthal, Williams, Wilson, and DeCessaro were "contrary to policy and frivolous." (Docket No. 7 at 8). With respect to those four defendants, plaintiff asserts "[i]nstead of the defendants making a proper response to Plaintiffs grievances and taking steps to address and correct defendants Sgt. Enig, Sgt. Adamic and C/O Cortese actions and statements and to take steps to ensure Plaintiffs safety and my right to be free of assaults, the defendants chose to acquiesce in and approve of Defendants Sgt. Emig, Sgt. Adamic and C/O Cortese actions and statements thereby allowing the threats and assaults to continue serving absolutely no penological interest or purpose constituting willful, wanton and intentional deliberate indifference to my Eight 8th Amendment Rights under the United States Constitution thereby violating my right to be safe and free of assault." (Docket No. 7 at 8). Plaintiff asserts that since the date of the response to his first grievance to the date he signed the Amended Prisoner Complaint, he was assaulted approximately six times, which would not have happened had proper action been taken in response to his grievances.

In Claim Two, plaintiff raises a First Amendment retaliation claim against defendants Adamic and Cortese. Plaintiff claims in retaliation for plaintiff filing grievances against them, those two defendants approached at least one inmate and offered to put money in his account if he would assault and cause serious injury to the plaintiff. They purportedly told that inmate that no criminal charges would be filed, and he would not be put in administrative segregation status.

Plaintiff seeks monetary, injunctive, and declaratory relief.

3

**DEFENDANTS' MOTION TO DISMISS**

Now before the court for a report and recommendation is a Motion to Dismiss (Docket No. 23) brought by defendants Heidenthal, Williams, Wilson, and DeCesarro.[1] The moving defendants seek dismissal of the Amended Complaint, presumably pursuant to Fed. R. Civ. P. 12(b)(6), on the following two grounds: (1) plaintiff's claim against them fails to allege the requisite personal participation, and (2) they are entitled to qualified immunity.  Plaintiff has not filed a response to the motion.  The court has very carefully considered the motion and applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court's file.  The court now being fully informed, makes the following findings and recommendation that the motion be granted.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a

---

[1]Defendants Emig, Adamic, and Cortese filed an Answer on September 16, 2009. (Docket No. 24).

4

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 545 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Since the plaintiff is proceeding without counsel, his pleadings have been construed liberally and held to a less stringent standard than formal documents drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

The moving defendants note that other than responding to plaintiff's grievances, plaintiff only alleges that defendant Heidenthal stated to him, "stop being a cry baby"

after pliantiff approached him to complain about the actions of defendant Cortese. These defendants assert that they:

> did not have any other specific involvement with Cruz and the alleged safety issues created from being labeled a "snitch." Cruz' allegations against these Defendants fail because Cruz does not specifically attribute conduct committed by each Defendant which led to a deprivation of his constitutional rights.  See Walker v. Meyer, 2009 WL 961490, *4 (D. Colo. Apr. 7, 2009) ("[M]ere participation in the grievance process is an insufficient basis for asserting a violation of constitutional rights. . . . The 'mere involvement of processing a grievance at an administrative level does not establish the affirmative link required to establish supervisor liability for an employee's conduct.'") (quoting Boles v. Dansdill, 2007 WL 2770473, *4 (D. Colo. 2007)).  This basis, without more, is insufficient to establish the requisite personal participation on the part of Defendants Heidenthal, Williams, Wilson, and DeCesaro.

(Docket No. 23 at 4).

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).  As the Tenth Circuit has stated:

> Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates. "[T]here is no concept of strict supervisor liability under § 1983." . . . "This does not mean that a supervisor may not be liable for injuries caused by the conduct of one of his subordinates. It does mean that his liability is not vicarious, that is, without fault on his part." . . . .
>
> Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'"

6

> . . . In short, the supervisor must be personally "involved in the constitutional violation," and a "sufficient causal connection" must exist between the supervisor and the constitutional violation." . . . .
>
> In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an "affirmative link" between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. . . . In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because "mere negligence" is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur. . . .

Serna v. Colorado Dep't of Corrections, 455 F.3d 1146, 1151-52 (10th Cir. 2006) (citations omitted).

Reading the Amended Prisoner Complaint (Docket No. 7) in the light most favorable to the plaintiff, this court finds that the plaintiff has not alleged the requisite affirmative link between the moving defendants and the alleged actions of the other defendants. This court agrees with these four defendants, who were grievance officers who reviewed plaintiff's grievances, that the claims against them in Claim One should be dismissed. "[T]he mere involvement of processing a grievance at an administrative level does not establish the affirmative link required to establish supervisor liability for an employee's conduct." Boles v. Dansdill, 2007 WL 2770473, *4 (D. Colo. Sept. 20, 2007) (inmate's allegations, like in this case, were that the acquiescence in the constitutional involvement occurred through the formal grievance procedures).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Dismiss (Docket No. 23) be granted and

7

that Claim One as it pertains to defendants Heidenthal, Williams, Wilson, and DeCesarro be dismissed with prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: March 1, 2010                          s/ Michael J. Watanabe
      Denver, Colorado                       Michael J. Watanabe
                                             United States Magistrate Judge